UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CITYPURE, L.L.C.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| **INTERNATIONAL OLYMPIC COMMITTEE and UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE,** | § § § § § § | |
| Defendants. | § § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE DISTRICT COURT:

COMES NOW, Plaintiff CityPure, L.L.C., and files its Original Complaint for Declaratory Judgment against the International Olympic Committee and United States Olympic & Paralympic Committee, and would respectfully show as follows:

### I.   NATURE OF CASE

1.   CityPure, L.L.C. seeks a declaratory judgment that it has not and does not violate the Settlement Agreement between the parties from its launch of the website www.Paris2024.com and mobile applications. In addition, CityPure, L.L.C. seeks a judgment that it does not violate any federal or state laws through the use of its domain, website, and mobile applications.

2.   On November 5, 2015, the International Olympic Committee and United States Olympic Committee filed a Complaint in the United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 4:15-cv-03277.  In that action, Defendants alleged causes of action for violation of the Olympic and Amateur Sports Act and the Anticybersquatting Consumer Protection Act, Unfair Competition, False Designation of Origin, Trademark

1

infringement, and violation of Tex. Bus. & Com. Code § 16.105 on Olympic Symbols. CityPure, L.L.C. filed an Answer, Affirmative Defenses and Jury Demand, which denied the allegations and causes of action, and denied that the IOC and USOC were entitled to any relief requested in the Complaint.

3.  On February 7, 2017, the parties settled all claims between them both alleged in the lawsuit and all other claims between them. The Settlement Agreement sets forth the terms and obligations of the parties. Specifically, the Settlement Agreement permits CityPure, L.L.C. to retain the City/Year domain names and permits certain non-commercial use of said domain names and corresponding websites. CityPure, L.L.C. now seeks a judgement that it has not and does not violate the terms of the February 7, 2017 Settlement Agreement in association with its use of the domain name www.Paris2024.com, its website, and its mobile applications.

## II.    PARTIES

4.  Plaintiff CityPure, L.L.C. is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business in this Judicial District at 20031 Pine Wind Drive, Humble, Texas 77346.

5.  Defendant the International Olympic Committee is a foreign corporation with a principal place of business in Chateau de Vidy, 1007 Lausanne, Switzerland and may be served at Chateau de Vidy, 1007 Lausanne, Switzerland.

6.  Defendant United States Olympic & Paralympic Committee is a federally chartered non-profit corporation with is principal place of business in Colorado Springs, Colorado and may be served with process at 1 Olympic Plaza, Colorado Springs, Colorado 80909.

### III. JURISDICTION AND VENUE

7. This is a declaratory relief action pursuant to 28 U.S.C. § 2201 *et seq*.

8. The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship among the parties, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. This Court also has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. §1331.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) in that all or a significant part of the acts or omissions giving rise to this claim occurred in this district.

### IV. WWW.PARIS2024.COM DOMAIN, WEBSITE, AND MOBILE APPLICATIONS

10. CityPure, L.L.C. owns the domain name www.Paris2024.com and operates an accompanying informational website from the domain name. Likewise, CityPure, L.L.C. also owns and operates mobile applications (available on both Apple and Android devices).

11. The purpose of the website and mobile applications is to provide the public with information and content related to the Olympic Games and to provide content to the public that promotes corporate social responsibility. The information also raises awareness of important social issues involving the corporate entities that impact relevant social issues.

12. The website, mobile applications and their respective content do not violate any U.S. federal or state laws, including the U.S. or state trademark or anticybersquatting law or the Olympic statutes, and does not imply, suggest, or mislead the public as to the association, sponsorship, or affiliation with the Olympic Games or the Olympic movement.

13. The domain and website do not generate revenue, offer any goods or services for sale, and are not used for any commercial purpose. To be sure, the domain and website do not

engage in any trade or commercial use whatsoever. Rather, the website is used solely to provide information and content to the public and to raise awareness of relevant and important social issues.

14. The domain, website and mobile applications do not use any words, phrases, and/or symbols that are protected by the Ted Stevens Act. Likewise, the domain, website, and mobile applications do not use any words, phrases, logos, and/or marks that are the subject of Federal or State trademark protection. In short, the domain, website, and mobile applications do not violate the Ted Stevens Act and do not infringe the Lanham Act.

V.     THE SETTLEMENT AGREEMENT

15. On February 7, 2017, the parties executed a Settlement Agreement which settled all claims between them both alleged in the lawsuit and all other claims between them. The Settlement Agreement also sets forth the terms and obligations of the parties with respect to the City Year Domains, including but not limited to www.Paris2024.com. The relevant terms of the Agreement[1] which permit CityPure's use of the domain names are as follows:

**2.     Domain Use By [CityPure[2]]**

a.     Definitions:

1) **Domain** shall mean any internet domain name presently owned or hereinafter acquired, in whole or in part, by [CityPure].

2) **City Year Domain** shall mean any Domain that contains both a city and year and is perceived by the public to be associated with, or is reasonably likely to be perceived by the public as associated with, the Olympic Games (defined to include, without limitation, the Olympic Games and the Youth Olympic Games). With limiting the generality of the foregoing, City Year Domain shall specifically include: (a) any Domain containing the host city and year of a present or future,

---

[1] The Settlement Agreement contains a confidentiality clause that only permits disclosure of the terms, to the limited extent necessary, in connection with any proceeding to enforce the Settlement Agreement. Accordingly, Plaintiff only discloses the relevant terms for enforcement of those terms. If the Court would like the full Settlement Agreement to be filed, under seal or otherwise, Plaintiff will do so.

[2] The Settlement Agreement collectively referred to Stephen P. Frayne, Jr. and CityPure, L.L.C. as the "Frayne Parties"; however, for ease of reference and reading, Plaintiff inserts [CityPure] only where the "Frayne Parties" appears in the text of the Settlement Agreement.

only if elected and publicly announced, edition of an Olympic Games (for example, "Tokyo 2020"); (b) any Domain containing the bid city and year of a city that has publicly announced that it is considering a bid for the Olympic Games (a "bid city") (for example, "Los Angeles 2024" and "Paris 2024") during such time as the bid city's bid for the Olympic Games is active for the associated year, though in no case extended beyond election of the host city for the associated year; and (c) any Domain containing the name of a past Olympic host city and a future year between 2020 and 2080 (for example, "Barcelona 2050," or "Athens 2032").

3) Former City Year Domain shall mean any Domain that met the criteria to be a City Year Domain at one time, but no longer meets that criteria. Without limiting the foregoing, Former City Year Domain shall specifically include: (a) any Domain containing the host city and year of an Olympic Games after that Olympic Games is completed (for example, "Rio 2016"); (b) any bid city City Year Domain after that bid city has withdrawn from consideration for the Olympic Games for the associated year or the Olympic Games have been awarded to another bid city (for example, "Chicago 2020"); and (c) any Domain identified in 2.a. (2)(c) above that does not include a bid city, after the Olympic Games bid cities have been announced for each year in question (for example, "London 2024").

b. [CityPure] shall be permitted to maintain registration of the Domains set forth in Exhibit A.

c. [CityPure] agree not to use any City Year Domain or Former City Year Domain to generate revenue, or in connection with the offering for sale of goods or services in commerce (whether intrastate, interstate, or international), or for any commercial purpose whatsoever, nor to authorize, allow, or assist others to do so, except where all of the following apply: (1) such use is in connection with a Former City Year Domain only; (2) the Former City Year Domain use is wholly unrelated to the Olympic Games and the Olympic movement; and (3) such use complies with the Prohibited Use List contained in 2.f.

. . . [sections d. and e. not shown]. . .

f. [CityPure] agree, with respect to the City Year Domains and Former City Year Domains, to abide by, and to cause any persons given the ability to use or affect the content of the City Year Domains or Former City Year Domains (for avoidance of doubt, [CityPure] obligations pursuant to this Paragraph 2.f. shall not apply to any individual City year or Former City Year Domain that [CityPure] no longer own as a result of allowing the City Year or Former City Year Domain to expire pursuant to Paragraph 2.e) to abide by, the below Prohibited Use List:

i. Any use, display of, or links to, sexually explicit content (defined to mean any display of material that relates to sexual contact, actual or simulated sexual intercourse, deviant sexual intercourse, sexual bestiality,

5

masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, anus, or any portion of the female breast).

ii. Any use that advocates for conduct prohibited by criminal law, including, but not limited to, advocating violence against the Olympic Games, the International Olympic Committee, the United States Olympic Committee, or the Olympic movement.

iii. Any use that would be barred by U.S. or state trademark law, anticybersquatting law, or the Ted Stevens Olympic and Amateur Sports Act or Texas Business and Commerce Code § 16.105, including, but not limited to, use in commerce or trade of the Olympic Games trademarks for a commercial purpose.

iv. Any use that implies, suggests, or misleads the public into believing the City Year Domain or Former City Year Domain is associated with, sponsored by, or otherwise affiliated with the Olympic Games or the Olympic movement.

v. For the avoidance of doubt, non-commercial use consistent with Paragraph 3 below does not violate Paragraph 2.f., so long as that use otherwise comports with the requirements of this Paragraph (i.e., the use is not sexually explicit, does not advocate for conduct prohibited by criminal law, does not violate U.S. or state trademark or anticybersquatting law or the Olympic statutes, and does not imply, suggest, or mislead the public as to the association, sponsorship, or affiliation with the Olympic Games or the Olympic movement.

**3.     Olympic Parties' Non-Interference with [CityPure's] Registration and/or Permitted Use**

a.     The prohibited Use List shall not preclude [CityPure] from making any use of the alleged City/Year Marks (as defined in this Action), including as part of the City Year Domains and/or Former City Year Domains, for speech protected by the First Amendment and/or consistent with the doctrine and principles of fair use under U.S. or state law. . . .

16.     CityPure, L.L.C. has in all ways complied with the terms of the Settlement Agreement.  The domain and website do not engage in commercial use or trade whatsoever and only provide information and content that constitutes speech protected by the First Amendment and with the doctrine and principles of fair use.

6

## VI.   CLAIM FOR DECLARATORY JUDGMENT

### COUNT 1: NON-VIOLATION OF THE SETTLEMENT AGREEMENT

17. CityPure, L.L.C. reasserts and incorporates by reference the foregoing allegations of its Complaint as if fully set forth herein.

18. On February 7, 2017, the parties executed a Settlement Agreement which settled all claims between them both alleged in the lawsuit and all other claims between them. The Settlement Agreement also sets forth the terms and obligations of the parties with respect to the City Year Domains, including but not limited to www.Paris2024.com.

19. CityPure has in all ways complied with the terms of the Settlement Agreement. Specifically, has not and does not use any City Year Domain or Former City Year Domain, including but not limited to, www.Paris2024.com to generate revenue, or in connection with the offering for sale of goods or services in commerce (whether intrastate, interstate, or international), or for any commercial purpose whatsoever. CityPure has not authorized, allowed, or assisted others to do so either.

20. CityPure has not engaged in any act or conduct or published any content that would violate the Prohibited Use List in Section 2.f of the Settlement Agreement. Specifically, CityPure has not used any content on the www.Paris2024.com domain or website that is sexually explicit, advocates for conduct prohibited by criminal law, violates U.S. or state trademark or anticybersquatting law or the Olympic statutes, and does not imply, suggest, or mislead the public as to the association, sponsorship, or affiliation with the Olympic Games or the Olympic movement.

21. Accordingly, this Court should declare that CityPure's use of the domain www.Paris2024.com does not violate any of the provisions of the Settlement Agreement.

**COUNT II:  NON-VIOLATION OF THE TED STEVENS ACT**

22. CityPure, L.L.C. reasserts and incorporates by reference the foregoing allegations of its Complaint as if fully set forth herein.

23. The Ted Stevens Act protects the words and symbols found in 36 U.S.C. § 220506(a):

(1) "United States Olympic Committee";

(2) the symbol of the International Olympic Committee, consisting of 5 interlocking rings, the symbol of the International Paralympic Committee, consisting of 3 TaiGeuks, or the symbol of the Pan-American Sports Organization, consisting of a torch surrounded by concentric rings;

(3) the emblem of the corporation, consisting of an escutcheon having a blue chief and vertically extending red and white bars on the bae with 5 interlocking rings displayed on the chief; and

(4) the words "Olympic," "Olympiad," "Citius Altius Fortius," "Paralympic," "Paralympiad," "Pan-American," "America Espirito Sport Fraternite," or any combination of these words.

24. The domain name, website, and mobile applications do not use any of the protected words identified above.  In addition, the domain and website are not for the purpose of trade, do not induce the sale of any goods or services, and do not promote any theatrical exhibition, athletic performance or competition.  Further, the domain, website, and mobile applications do not falsely represent an association with, or authorization by, Defendants or any of their affiliates or organizations.

25. Accordingly, the Court should issue judgment that the domain name, website, and mobile applications do not violate the Ted Stevens Act.

## COUNT III: NON-VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

26. CityPure, L.L.C. reasserts and incorporates by reference the foregoing allegations of its Complaint as if fully set forth herein.

27. The Anticybersquatting Consumer Protection Act ("ACPA", 15 U.S.C. § 1125(d), provides in relevant part:

> (d) Cyberpiracy prevention
>
> (1)(A) A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—
>
> (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
>
> (ii) registers, traffics in, or uses a domain name that—
>
> (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
>
> (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
>
> (III) is a trademark, word, or name protected by reason of section 706 of title 18 or section 220506 of title 36.

28. At the time CityPure, L.L.C.'s domain was registered, Defendants' cannot claim that the Paris2024 was distinctive or even registered. The mark certainly was not famous at the time the domain name was registered. Further, the domain, website, and mobile applications do not contain any Olympic symbols and therefore they cannot violate the ACPA. This Court should declare that the domain, website, and mobile applications are not in violation of the Anticybersquatting Consumer Protection act.

## COUNT IV: NO TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN OR UNFAIR COMPETITION

29. CityPure, L.L.C. reasserts and incorporates by reference the foregoing allegations of its Complaint as if fully set forth herein.

30. The domain, website and mobile applications do not use any words, phrases, and/or symbols that are protected by the Ted Stevens Act.

31. The domain, website, and mobile applications do not use any words, phrases, logos, and/or marks that are the subject of Federal or State trademark protection.

32. The domain, website, and mobile applications, therefore, do not infringe, dilute, nor tarnish Defendants' trademarks or service marks.

33. The domain, website, and mobile applications are not confusingly similar nor dilutive of Defendants' trademarks and/or service marks.

34. The domain, website, and mobile applications are engaged in no commercial use whatsoever.

35. Accordingly, the Court should declare that CityPure, L.L.C.'s domain, website, and mobile applications do not infringe, dilute, nor tarnish Defendants' trademarks or service marks and CityPure, L.L.C. has not violated the Lanham Act or any similar Texas law.

## COUNT V: NO VIOLATION OF TEX. BUS. & COM. CODE § 16.105

36. CityPure, L.L.C. reasserts and incorporates by reference the foregoing allegations of its Complaint as if fully set forth herein.

Tex. Bus. & Com. Code § 16.105 states:

> Without the permission of the United States Olympic Committee, a person may not, for the purpose of trade, to induce the sale of goods or services, or to promote a theatrical exhibition, athletic performance, or competition, use:

(1) the symbol of the International Olympic Committee, consisting of five interlocking rings;

(2) the emblem of the United States Olympic Committee, consisting of an escutcheon having a blue chief and vertically extending red and white bars on the base with five interlocking rings displayed on the chief;

(3) a trademark, trade name, sign, symbol, or insignia falsely representing association with or authorization by the International Olympic Committee or the United States Olympic Committee; or

(4) the words "Olympic," "Olympiad," or "Citius Altius Fortius" or a combination or simulation of those words that tends to cause confusion or mistake, to deceive, or to suggest falsely a connection with the United States Olympic Committee or an Olympic activity.

37. The domain, website and mobile applications do not use any words, phrases, and/or symbols that are protected by Tex. Bus. & Com. Code 16.105. In addition, the domain, website and mobile applications are not for the purpose of trade, do not induce the sale of any goods or services, and do not engage in commercial activities. Further, the domain, website, and mobile applications do not falsely represent an association with, or authorization by, Defendants or any of their affiliates or organizations.

38. Accordingly, the Court should issue judgment that the domain name, website, and mobile applications do not violate Tex. Bus. & Com. Code § 16.105.

## VII.   RESERVATION REGARDING AMENDMENT

39. CityPure, L.L.C. reserves the right to amend this action as necessary.

## VIII.   JURY DEMAND

40. CityPure, L.L.C. hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, CityPure, L.L.C. respectfully prays for judgment declaring the rights and obligations of the parties, and in particular for a declaration that

it has not violated the Settlement Agreement between the parties. CityPure, L.L.C. also prays for a judgment declaring that it has not violated the Olympic and Amateur Sports Act and the Anticybersquatting Consumer Protection Act, engaged in Unfair Competition, False Designation of Origin, Trademark infringement, and has not violated Tex. Bus. & Com. Code § 16.105 on Olympic Symbols. Further, CityPure, L.L.C. prays for such other and further relief, in law or in equity, to which it may show it is justly entitled.

Dated: July 22, 2024                                Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
917 Franklin Street, Suite 220
Houston, TX 77002
T: 713-869-6975
F: 713-583-9169
E-mail: paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF
CITYPURE, L.L.C.**